IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUSCO OPERATING, LLC, RUDTUK | § | |
| OPERATING, LLC and WORKRISE | § | |
| TECHNOLOGIES, INC., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-01172 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
|     *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Rusco Operating, LLC, Rudtuk Operating, LLC and Workrise Technologies, Inc. v. Scottsdale Insurance Company*; Cause No. D-1-GN-25-003866; In the 345th Judicial District of Travis County, Texas.

## I.
## BACKGROUND

1.      Plaintiffs Rusco Operating, LLC, Rudtuk Operating, LLC and Workrise Technologies, Inc. (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. D-1-GN-25-003866; In the 345th Judicial District of Travis County, Texas on May 29, 2025 (the "State Court Action").  *See* Plaintiffs' Original Petition with Citation, attached as **Exhibit A**.

2.      Defendant was served with Plaintiffs' Original Petition on July 7, 2025.  *See id.* at p. 1-2.

3.      Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit B.**

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 345th Judicial District of Travis County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiff Rusco Operating, LLC is a Delaware limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole members of Rusco Operating, LLC are Xuan Yong of Austin, Texas, Ying Yong of Austin, Texas, Sandeep Jain of Austin, Texas, Michael Witte of Colleyville, Texas, Rigup, Inc., a Delaware corporation, and Workrise Technologies,

Inc., a Delaware corporation. After a diligent search of publicly available information, Xuan Yong, Ying Yong, Sandeep Jain, and Michael Witte are each individuals residing in Texas who have the requisite intent to establish Texas as their respective present and future domicile. Rigup, Inc., and Workrise Technologies, Inc. are each Delaware corporations with their principal places of business in Texas. No other members of Rusco Operating, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff Rusco Operating, LLC is a citizen of the States of Texas and Delaware.

8.    Plaintiff Rudtuk Operating, LLC is a Delaware limited liability company. Based on a diligent search of publicly available information, the sole members of Rudtuk Operating, LLC are Xuan Yong of Austin, Texas, Ying Yong of Austin, Texas, Sandeep Jain of Austin, Texas, Michael Witte of Colleyville, Texas, Rigup, Inc., a Delaware corporation, and Workrise Technologies, Inc., a Delaware corporation. After a diligent search of publicly available information, Xuan Yong, Ying Yong, Sandeep Jain, and Michael Witte are each individuals residing in Texas who have the requisite intent to establish Texas as their respective present and future domicile. Texas, Rigup, Inc., and Workrise Technologies, Inc. are each Delaware corporations with their principal places of business in Texas. No other members of Rudtuk Operating, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff Rudtuk Operating, LLC is a citizen of the States of Texas and Delaware.

9.    Plaintiff Workrise Technologies, Inc. is a Delaware corporation with its principal place of business in Texas. *See* **Exhibit A,** Plaintiffs' Original Petition ¶ 6. Pursuant to 28 U.S.C.

§ 1332(a), therefore, Plaintiff Workrise Technologies, Inc. is deemed to be a citizen of the States of Texas and Delaware.

10.     Defendant Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona.

11.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

12.     The amount in controversy in this case exceeds $75,000 rendering removal under 28 U.S.C. § 1332 proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

13.     Here, Plaintiffs seek "monetary relief over $1,000,000." **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ 2.  Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ 120; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th

Cir. 1998). Therefore, the amount in controversy meets the jurisdictional requirements of 28 U.S.C. § 1332 based on the sum demanded in good faith in the initial pleading.

14.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

15.    Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16.    WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified Mail this the 28th day of July, 2025 to:

Emily L. Buchanan                                              **#9414 7266 9904 2224 3246 39**
Courtney A. Jones
Haynes & Boone, LLP
2801 N Harwood St., Ste. 2300
Dallas, Texas 75201
emily.buchanan@haynesboone.com
courtney.jones@haynesboone.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp