# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RUSCO OPERATING, LLC, RUDTUK OPERATING, LLC, WORKRISE TECHNOLOGIES, INC.,** *Plaintiffs* | § | |
| v. | § | **No. 1:25-CV-01172-ADA-DH** |
| **SCOTTSDALE INSURANCE COMPANY,** *Defendant* | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Scottsdale Insurance Company's ("Scottsdale") motion to dismiss, Dkt. 8, and all related briefing. After reviewing these filings and the relevant law, the undersigned recommends that the District Judge grant the motion.

## I. BACKGROUND

Plaintiff RUSCO Operating, LLC ("RUSCO") is a referral-services business that connects companies with workers. Dkt. 17, at 7. To provide these services, RUSCO contracts with third-party companies via service agreements. *Id.* Those agreements require RUSCO to indemnify the third-party companies and to procure insurance policies naming those companies as additional insureds. *Id.* Relevant to this suit, RUSCO entered into three such master service agreements ("MSAs"), and

Scottsdale issued policies covering the additional insureds. *Id.* at 8-10 (the Statoil MSA); 18-20 (the Talos MSA); 24-25 (the Tug Hill MSA). After litigation arose out of the projects governed by each of those MSAs, the additional insureds tendered those suits to RUSCO for defense and indemnity under the MSAs, and Scottsdale initially defended the additional insureds. *Id.* at 11 (Statoil MSA); 21 (Talos MSA); 26 (Tug Hill MSA). However, Scottsdale later changed course. According to Plaintiffs, Scottsdale refused to defend the suits and instead improperly sought reimbursement from the additional insureds. *Id.* Workrise Technologies, Inc. ("Workrise") also obtained an insurance policy from Scottsdale naming Plaintiff RUDTUK Operating, LLC ("RUDTUK") as a named insured and a contractor group as an additional insured. *Id.* at 27-28 (the Breitburn MSA). When litigation arose out of that MSA, Scottsdale similarly defended the additional insureds for a limited time and then refused to continue doing so. *Id.* at 28-29.

Based on these allegations, Plaintiffs RUSCO, RUDTUK, and Workrise, RUSCO's parent company, sued Scottsdale for breach of contract and breach of the duty of good faith and fair dealing. Dkt. 17, at 31-34; *see id.* at 8 (alleging that Workrise is RUSCO's parent company). Plaintiffs also brought a claim under Chapter 541 of the Texas Insurance Code. *Id.* at 33-34. Finally, Plaintiffs sued for a declaratory judgment clarifying their rights under the insurance policies, and in particular stating that Scottsdale is precluded under those agreements from seeking reimbursement from the additional insureds. *Id.* at 31-33.

Scottsdale moved to dismiss, arguing that Plaintiffs' suit should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because they lack standing and their claims are not ripe. Dkt. 8. Scottsdale also argues Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they fail to state any claim for relief. *Id.*

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a motion brought under Rule 12(b)(1), the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. DISCUSSION

Scottsdale asks the Court to dismiss this case because Plaintiffs lack standing. "Standing is an issue upon which the party invoking federal jurisdiction, the plaintiff, bears the burden of persuasion." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 361-62 (5th Cir. 1996); *see also Tex. Cable & Telecomms. Ass'n v. Hudson*, 265 F. App'x 210, 216 (5th Cir. 2008) ("The burden of establishing the elements of standing is on the party seeking jurisdiction in the federal courts.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish Article III standing, a plaintiff must demonstrate that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Lujan*, 504 U.S. at 560-61. "The claimed injury must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Deep S. Ctr. for Env't Just. v. U.S. Env't Prot. Agency*, 138 F.4th 310, 317 (5th Cir. 2025) (quoting *Lujan*, 504 U.S. at 561). Claims based on injuries that are "mere[ly] speculati[ve]" are barred. *Id.* at 320. Plaintiffs must establish standing for each claim and form of relief sought. *Parr v. Cougle*, 127 F.4th 967, 972 (5th Cir. 2025).

### 1. Plaintiffs' breach-of-contract claim should be dismissed for failure to demonstrate redressability.

The undersigned begins with Plaintiffs' claim that Scottsdale breached its contract with respect to the Statoil agreement. *See* Dkt. 17, at 31 (alleging breach of contract under Policy No. VRS0004992 only). Among other arguments, Scottsdale asserts that Plaintiffs fail to show that they suffered a concrete and particularized

injury. Dkt. 8, at 6-7. Plaintiffs respond that they have suffered damages based on Scottsdale's filing suit against the additional insureds since in doing so Scottsdale is also refusing to contractually indemnify Plaintiffs as required under the insurance policies. Dkt. 13, at 6-7, 15-16 (explaining that Scottsdale's seeking reimbursement from the additional insureds is contrary to the terms of the insurance policies). Plaintiffs state that they "have been and/or will be injured by the conduct alleged in the Complaint," that Scottsdale's reservation of rights as to the additional insureds "will impact" Plaintiffs, and that the additional insureds "will renew their claims against Plaintiffs." *Id.* at 7. They remind the Court that to demonstrate standing, they need only establish a "significant possibility of future harm" or a sufficiently imminent injury, not an injury that has already occurred. *Id.* at 7 (citing *Ondrusek v. U.S. Army Corps of Eng'rs*, 123 F.4th 720, 728 (5th Cir. 2024); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008)), 16.

Initially, only Plaintiffs RUSCO and Workrise are parties to the Statoil insurance policy. Dkt. 17, at 31 (stating that RUSCO and Workrise are named insureds under the policy). Because Texas law requires privity of contract to assert a breach-of-contract claim, a nonparty to a contract generally cannot sue for breach of contract. *See Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App.—El Paso 2017, pet. denied); *see also Fid. Funding Bus. Credit, LTD v. Republic Bus. Credit LLC,* No. 3:16-CV-2492-B, 2017 WL 4923880, at *2 (N.D. Tex. Oct. 30, 2017). As pleaded, any breach-of-contract claim based on the Statoil agreement brought by RUDTUK should be dismissed. *See* Dkt. 17, at 31.

As for RUSCO and Workrise, contrary to Scottsdale's assertion that Plaintiffs lack standing for failure to allege an injury in fact, the Fifth Circuit has held that "a breach of contract is a sufficient injury for standing purposes." *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 451 (5th Cir. 2022). In *Denning*, the plaintiff sued a pharmacy that had billed the plaintiff's insurance company for allegedly unauthorized services. *Id.* at 448. The plaintiff alleged that the insurance company, not the plaintiff herself, had paid the bills. *Id.* at 448-49. The Fifth Circuit found that although the plaintiff had not paid any of the bills, she alleged a sufficient injury in fact to establish standing on her breach-of-contract claim, as she was a party to the contract with the pharmacy. *Id.* at 451. However, the Fifth Circuit went on to conclude that the plaintiff failed on the redressability prong of the analysis, noting that rendering an award of damages in the plaintiff's favor would not redress her insurer's injury of being subjected to the unauthorized billing practices. *Id.* at 451-52.

Although Plaintiffs RUSCO and Workrise's *damages* may be hypothetical or speculative, they are parties to a contract who now sue for breach of that contract. Under Fifth Circuit precedent, they have alleged sufficient injury in fact. Nonetheless, as in *Denning*, the undersigned finds that RUSCO and Workrise's breach-of-contract claim fails on the redressability prong. *See id.* at 451-52. An award of damages to RUSCO and Workrise would not redress the additional insured's injury of being sued for reimbursement. Nor would it redress any financial loss suffered by RUSCO or Workrise as a result of the breach, most obviously because it is unclear

whether RUSCO or Workrise has actually suffered any damages resulting from Scottsdale's alleged transgressions. *See, e.g.*, Dkt. 13, at 13 (stating that "Plaintiffs have suffered, or will imminently suffer, injury"). Therefore, because Plaintiffs cannot show that they suffered any injury redressable by a favorable decision from the Court, their breach-of-contract claim should be dismissed. *See Lujan*, 504 U.S. at 560-61.

2. Plaintiffs' remaining claims should be dismissed for lack of standing.

Plaintiffs also lack standing to bring each of their other claims. With respect to their declaratory-judgment claim, while declaratory judgment may be forward-looking, standing to seek declaratory judgment is subject to the same Article III requirements as any other suit, including that the plaintiff show it suffered an injury in fact. *Texas v. Travis Cnty.*, 272 F. Supp. 3d 973, 978 (W.D. Tex. 2017); *see also Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (stating that the Fifth Circuit interprets the Declaratory Judgment Act's "case of actual controversy" requirement to be "coterminous" with Article III's case-or-controversy requirement). Further, in the context of a declaratory-judgment action, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Regardless of whether this is a suit for declaratory relief, as explained above, Plaintiffs have not established that they have suffered an injury-in-fact sufficient to survive Scottsdale's 12(b)(1) motion with respect to this claim.

Further, Plaintiffs identify no case in which a court has found standing to seek declaratory relief based on an insurer's failure to indemnify or defend an additional insured. In fact, a court in this District found the opposite in *SV Reliable Transport, LLC v. Kinsale Insurance Company*, No. MO:20-CV-195-DC, 2021 WL 1269916, at *4 (W.D. Tex. Mar. 27, 2021). The facts of the *SV Reliable* case are substantially the same as the facts here: the insurer issued an insurance policy to the named insured, the named insured entered into an MSA with another company, and the named insured agreed to designate that company as an additional insured under the policy. *Id.* at *1. A worker was injured and sued the additional insured. *Id.* The named insured ultimately tendered the suit to the insurance company for defense and indemnity of the additional insured. *Id.* The insurance company refused to defend the additional insured, and the named insured sued, seeking a declaratory judgment that the insurance company had a duty to defend and indemnify the additional insureds. *Id.*

The court concluded that the fact that the named insured was a party to the insurance policy was not enough to establish standing, noting that the plaintiff had failed to allege that it suffered an injury in fact, or a "definite and concrete dispute" between itself and the insurance company. *Id.* at *3 (internal quotation marks omitted). The court noted that unlike in *SV Reliable*, other courts have found standing to pursue a declaratory-judgment action in cases between "an insurer and an insured that is being sued." *Id.* at *4 (collecting cases); *see also Dorsey v. United Rentals N. Am., Inc.*, No. 15-1528, 2017 WL 615378, at *14 (E.D. La. Feb. 15, 2017)

(finding that a named insured had standing to sue an insurance company for failure to defend an additional insured when the additional insured sued the named insured because of the insurance company's failure to defend). As in *SV Reliable*, Plaintiffs are not party to any underlying suit and, moreover, have not been sued by any additional insured. Plaintiffs' alleged injury is therefore similarly remote.

Plaintiffs argue that the injury-in-fact element of the standing analysis requires them to show only that they have sustained or are "immediately in danger of sustaining" some direct injury. Dkt. 13, at 15 (citing *Roark*, 522 F.3d at 542); *see also Ondrusek*, 123 F.4th at 732 ("'A threatened injury will satisfy the injury in fact requirement for standing.'" (quoting *Citizens for Clean Air & Clean Water in Brazoria Cnty. v. U.S. Dep't of Transp.*, 98 F.4th 178, 187 (5th Cir. 2024)) (cleaned up)). But Plaintiffs do not carry their burden to show that they face any such imminent injury.

To begin with, Plaintiffs' damages theory is based on their belief that the additional insureds under the Statoil MSA—the only agreement with respect to which Scottsdale has filed any claim against an additional insured—will sue Plaintiffs if Scottsdale prevails in its suit seeking reimbursement from the additional insureds. *See* Dkt. 13, at 15-16 (pointing out that the additional insureds will seek to hold Plaintiffs liable for any damages they incur that Scottsdale refuses to pay). This theory presents an attenuated chain of possibilities. *See Deep South*, 138 F.4th at 321. Plaintiffs would be injured if (1) Scottsdale prevailed in its suit against the additional insureds, (2) the additional insureds sued Plaintiffs for any damages Scottsdale refused to pay, and (3) the additional insureds prevailed in their lawsuit

against Plaintiffs. None of these events are "certainly impending." *See id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402 (2013)). Instead, Plaintiffs' injury relies on the hypothetical outcome of a hypothetical lawsuit. The undersigned agrees with the court in *SV Reliable* that this is not a sufficiently concrete or imminent injury to invoke the Court's subject-matter jurisdiction at this stage.

The chain is even more attenuated for the other MSAs. Plaintiffs would suffer injury if, in addition to the possibilities that could arise in connection with the Statoil MSA, Scottsdale first chose to sue the additional insureds under those contracts. Further, while the underlying litigation connected with the Statoil MSA has settled, Dkt. 17, at 12, litigation implicating the Talos, Tug Hill, and Breitburn MSAs has not concluded. *See id.* at 20-21; 25-26; 28-31. With respect to any currently pending underlying lawsuit, Plaintiffs add to their chain of possibilities the need for that underlying lawsuit to result in damages awarded against an additional insured. Therefore, the chain of possibilities implicated in the Talos, Tug Hill, and Breitburn MSAs must occur as follows: (1) the additional insureds lose in the underlying litigation, (2) Scottsdale sues the additional insureds, (3) Scottsdale prevails in its suit against the additional insureds, (4) the additional insureds sue Plaintiffs for any damages Scottsdale refuses to pay, and (5) the additional insureds prevail in their lawsuit against Plaintiffs. Though Plaintiffs need only allege a sufficiently imminent injury to have standing—as opposed to an injury that has already occurred—Plaintiffs ask the Court to stretch Article III's imminence requirement too far.

It is true that the Fifth Circuit has found standing to pursue declaratory relief where a party's "asserted interests involve risks that may be some distance in the future." *Ondrusek*, 123 F.4th 734. But in *Ondrusek*, the Circuit addressed the injury-in-fact requirement in the context of a procedural right under the National Environmental Policy Act ("NEPA"), noting the principle that someone "'accorded a procedural right … can assert that right without meeting all the normal standards for … immediacy.'" *Id.* (quoting *Lujan*, 504 U.S. at 572 n.7). Unlike in *Ondrusek*, this is primarily a contract case. Plaintiffs do not sue for any violation of a procedural right under NEPA or any other statute. All the "normal standards" for immediacy apply to Plaintiffs' claims. *See id.* And to the extent case law would permit Plaintiffs to bring claims based on injuries that may occur in the future, the undersigned finds that Plaintiffs' injuries remain too speculative to satisfy Article III's requirements.

*Roark* is similarly distinguishable. There, the Fifth Circuit found that the plaintiff bar owners had standing to sue because they faced prosecution or the "real potential of immediate criminal prosecution" under a city ordinance. 522 F.3d at 543 ("This Circuit has recognized that a party has standing when it has faced prosecution under a criminal ordinance in the past and faces the real possibility of prosecution in the future."). This case involves no actual or imminent criminal prosecution—or, for that matter, imminent civil liability—so *Roark* does not help Plaintiffs. As analyzed above, Plaintiffs still lack an actual or imminent injury sufficient to invoke the Court's jurisdiction.

The remote nature of any potential injury to Plaintiffs similarly forecloses their remaining claims for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing. "Standing in federal court is determined *entirely by Article III* and depends in no degree on whether standing exists under state law." *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022) (internal quotation marks omitted). Again, that means that Plaintiffs must show they have (1) suffered some concrete, particularized, and actual or imminent injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision from the Court. *See Lujan*, 504 U.S. at 560-61. As described above, Plaintiffs' alleged injury is neither actual nor imminent since Plaintiffs would suffer damages only if Scottsdale prevailed in its suit against the additional insureds, the additional insureds sued Plaintiffs for any damages Scottsdale refused to pay, and the additional insureds prevailed in their lawsuit against Plaintiffs. *See Deep South*, 138 F.4th at 321. With respect to Plaintiffs' Texas Insurance Code claim, they allege only that they "*will* sustain substantial damages, including damages for breach of the MSAs and liability for any indemnity obligations under the MSAs that should have been covered under the Policies issued by Scottsdale." Dkt. 17, at 34 (emphasis added). Plaintiffs do not allege a sufficiently imminent injury resulting from Scottsdale's alleged Insurance Code violations.

Finally, as for Plaintiffs' claim for breach of the duty of good faith and fair dealing, Plaintiffs did not respond to Scottsdale's arguments that the claim should be dismissed. *See* Dkt. 13. Because a "party's failure to respond to arguments raised in

a Rule 12 motion constitutes waiver or abandonment of those issues," the claim should be dismissed on that basis alone. *Stratta v. Roe*, No. 6:18-CV-00114-ADA, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021) (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Further, while Plaintiffs state in their complaint that the alleged breach has "caused Plaintiffs to suffer considerable actual damages," this assertion is contradicted by their allegation in the preceding paragraph that Scottsdale's seeking reimbursement and articulating "meritless" defenses would, "if accepted," require a finding unfavorable to Plaintiffs. Dkt. 17, at 34. Plaintiffs thus fail to articulate an actual or imminent injury with respect to their claim for breach of the duty of good faith and fair dealing, as well. This claim should be dismissed.

Although Plaintiffs lack standing to bring their claims as currently pleaded, the undersigned finds that Plaintiffs may in the future allege a viable claim based on the events giving rise to this suit, particularly after further factual development. Therefore, the undersigned will recommend that the District Judge dismiss Plaintiffs' claims without prejudice. *See Denning*, 50 F.4th at 452 ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." (internal quotation marks omitted)).

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Scottsdale's motion to dismiss based on lack of subject-matter jurisdiction, Dkt. 8.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DISMISS** this case without prejudice.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 9, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE